PEARCE v. SUTHERLAND et al.

(First Division. Juneau. May 31, 1910.)

No. 615A.

1. PARTNERSHIP (§ 311*)—ESTOPPEL—SETTLEMENT.
   Plaintiff sued for an accounting of an alleged partnership account with defendant. It appeared that, before the suit was brought, the parties had entered into a written agreement upon mutual and valuable consideration compromising and settling all their accounts, and that no fraud or mistake is alleged or proved. *Held*, that a court of equity will give force and effect to the agreement in the suit, and that both parties are estopped thereby.

   [Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 718–725;  Dec. Dig. § 311.*]

2. COMPROMISE AND SETTLEMENT (§ 19*)—SETTING ASIDE.
   The law favors the settlement of controversies and approves of compromise by settlements of disputed claims, and, when such settlement is effected, will presume that the parties consulted their own interests, and such settlement will not be interfered with in the absence of fraud, mistake, or unconscionable advantage, and, where settlement is deliberately made after full opportunity for investigation, it will not be

---

*See same topic & § NUMBER in Dec. & Am. Digs. Key No. Series & Rep'r Indexes

set aside except on the clearest proof, especially where made through distinguished counsel.

[Ed. Note.—For other cases, see Compromise and Settlement, Cent. Dig. §§ 67, 71–75; Dec. Dig. § 19.*]

3. COMPROMISE AND SETTLEMENT (§ 23*)—EVIDENCE—BURDEN OF PROOF.

The burden of proving mistake, fraud, duress, or other fact relied on and in avoidance of compromise and settlement is on the party seeking to avoid the compromise.

[Ed. Note.—For other cases, see Compromise and Settlement, Cent. Dig. §§ 91–94; Dec. Dig. § 23.*]

4. EQUITY (§§ 65, 66*)—MAXIMS.

He who comes into equity must come with clean hands; he who seeks equity must do equity.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 185–190; Dec. Dig. §§ 65, 66.*]

For the purpose of the decision in this case it is necessary only to state: That this is an action for accounting brought by the plaintiff, Pearce, against the defendants Sutherland and the Alaska Perseverance Mining Company, a corporation, upon the theory that the defendant corporation is a holding company for the defendant Sutherland. That a partnership agreement for the purchase and sale of certain mining property was entered into between the plaintiff and Sutherland, and the defendant corporation was subsequently organized to hold the legal title of the said property for the partnership. That after the plaintiff Pearce was discharged by the corporation as superintendent of their property in Alaska, and after he had brought an action against the defendants herein, a compromise agreement in writing was entered into upon mutual and valuable considerations between the parties herein at Vancouver, B. C., on July 21, 1906, which covered every transaction between them in the greatest detail. That after plaintiff had received the consideration of $5,000 under the compromise agreement, and upon failure of the defendant to make the payment due December 15, 1906, the plaintiff attempted to rescind the agreement and filed the original bill in this action in this court in April, 1907. After subsequent

*See same topic & § NUMBER in Dec. & Am. Digs. Key No. Series & Rep'r Indexes

amendments his third amended bill was before the United States Circuit Court of Appeals, Ninth Circuit, on an appeal from this court sustaining the demurrers to the bill. 164 Fed. 609, 90 C. C. A. 519. The decision of the Circuit Court of Appeals allowed the plaintiff to amend, and the complaint in this action and the present bill was then filed.

The defendants filed their separate answers, to which the plaintiffs entered their demurrers and replies, and the case came on for hearing with the understanding that the court reserve decision on the demurrers. The case came on for hearing before this court, without a jury, on the 16th day of May, 1910, and thereafter continued until May 19, 1910.

George C. Israel, of Tacoma, Wash., and J. A. Hellenthal, of Juneau, for plaintiff.

John R. Winn, of Juneau, R. F. Laffoon, of Tacoma, Wash., and Charles H. Studin, of New York City, for defendants.

OVERFIELD, District Judge. This is an equity action alleging a partnership between the plaintiff, Pearce, and the defendant Sutherland, wherein it is alleged they entered into a partnership agreement orally during the spring of 1901, to secure an option on certain mining property and water rights situate in the territory of Alaska, First Division, from one Gilbert, and a subsequent writing entered into between Pearce and Sutherland, signed by them, evidencing such partnership, sharing of profits, etc., and the plaintiff now asks for an accounting.

At the beginning of the suit the respective attorneys entered into a stipulation before the court that matters be heard with a view to decide the issues once for all, and to that end the demurrers to the answers of the defendants were held under advisement, pending the hearing and the issues presented and received under the fourth amended and supplemental complaint, the answers and replies.

The plaintiff first presented his evidence under his amended complaint, at the conclusion of which the defendants filed their motions for a nonsuit and dismissal, which motions were

also taken under advisement, and the defendants proceeded to put in their defense.

The primary question that arises is the sufficiency of the plea to the jurisdiction of this court. On this point it appears that the defendant Sutherland, in behalf of himself and the Alaska Perseverance Mining Company, entered into a stipulation filed in this court in the above-entitled cause on May 13, 1907, whereby he submitted himself voluntarily to the jurisdiction of this court in this case; that it be tried upon its merits; and that thereafter defendants further submitted themselves to the jurisdiction of this court by filing demurrers to the third amended complaint herein filed. The question of jurisdiction upon the demurrers being sustained in this court, an appeal was made to the Circuit Court of Appeals, and the decision of that court upheld the jurisdiction of the court to hear this cause; and, while the defendants have subsequently in all their pleadings reserved the question of jurisdiction, I am of opinion that the two above-mentioned acts alone estopped the defendants to deny the jurisdiction of this court, and the demurrers of the plaintiff in that respect to the defendant's answers are sustained.

At the outset of this suit the court is confronted with the maxims that he who comes into equity must come with clean hands; and that he who seeks equity must do equity. Both from the pleadings and from the evidence it is patent that the parties to this action entered into a written agreement of compromise with respect to the subject-matter of this action on the 21st day of July, 1906, at which time the plaintiff appears, through his attorney in this suit, to have received in cash the sum of $5,000. Pearce little more than mentions the agreement in his bill, and failed to refer to the receipt of the payment of the $5,000, alleging a rescission of the agreement and fraud in its procurement on the part of the defendants. However, in open court, during the hearing of this case, the receipt of the said $5,000 was admitted by the attorney for plaintiff, Israel, who represented the plaintiff in the agreement of compromise.

There was no offer to return the said $5,000 or any part
of it either before the bringing of the suit, in the pleadings,
or during the trial. And while the evidence discloses the fact
that the defendant Sutherland did not fulfill his part of the
agreement of compromise, and failed to make the further pay-
ment of $35,000 due December 12, 1906, yet, until canceled
and set aside by a competent court, I am of opinion that the
parties are bound thereunder, and that it will not be neces-
sary or competent at this time to enter into the merits of this
suit as to whether there was or was not a partnership be-
tween the plaintiff and defendant Sutherland.

The law favors the settlement of controversies and approves
of compromise by settlement of disputed claims, and, when
such settlement is effected, will presume that the parties con-
sulted their own interests, and such settlement will not be in-
terfered with, in the absence of fraud, mistake, or unconscion-
able advantage; and, where settlement is deliberately made
after full opportunity for investigation, it will not be set aside
except on the clearest proof, especially where made through
distinguished counsel. And the burden of proving mistake,
fraud, duress, or other fact relied on and in avoidance of
compromise and settlement is on the party seeking to avoid
the compromise.

Plaintiff offered no evidence under his allegation of fraud
to show that this agreement of compromise entered into be-
tween them on July 21, 1906, was other than fair and equita-
ble. But the settlement of compromise itself, as well as the
evidence produced at the trial, shows that the parties were
represented by their counsel and met for the sole purpose of
effecting a compromise of the then existing litigation between
the parties to this action, and included other litigation then
pending in the District Court of Alaska, or threatened against
the defendant Sutherland, the Alaska Perseverance Mining
Company, and one Gilbert, and it was to the end that all mat-
ters might be settled once for all that the agreement of com-
promise was entered into. The agreement of compromise
must stand by itself. It appears to state without ambiguity
the intentions and conclusions of the parties.

So far as I am aware there is no rule of law that will allow the plaintiff in this case, under all the circumstances, to proceed in this court on his original action for an accounting, without first returning or offering to return the consideration, and put in statu quo as near as possible the defendants, the parties to the compromise agreement. It is true there are some cases which seem to hold to the contrary, but upon investigation it will be found that in each case where the plaintiff attempts to proceed on his original action, before returning or offering to return the consideration received under the compromise agreement with reference to the subject of the action, it has been in an original action where, under any circumstances, a certain amount greater than the sum received under the compromise was due the plaintiff, or where the amount received under the compromise was for a different matter than that of the subject of the original action. The facts of this case do not bring it within these exceptions.

Under the legal maxims first above cited, I am of opinion that the plaintiff in this case is absolutely estopped from proceeding with his action for an accounting, which involves the same subject-matter of the compromise, for the reason that he has made no attempt to return the consideration received under the compromise agreement, either by returning it, offering to return it, or even asking that it might be set off in case of a judgment in this action in his favor.

There can be no contention in this case that the compromise agreement was in lieu of some larger amount stated between the alleged partners. At best it was simply an agreement to compromise litigation so far as the parties to this suit are concerned, and, until the plaintiff puts himself in the position before this court of seeking equity with clean hands, he has no status. He not only failed to return or offered to return the $5,000 received under the compromise, but he also failed to state in his complaint the conditions under which it was received, thereby, to a certain extent at least, misleading or attempting to mislead the court. And, what is still more important, no evidence was produced on his part to show either fraud on the part of the defendants, as alleged in his com-

plaint, or the circumstances under which the $5,000 was received.

It is only under the broadest terms of equitable principles that the court will proceed further in this case; but that there may be an end to litigation, and, to carry out the intention of the parties to the compromise agreement, this court feels compelled to construe and enforce their agreement of compromise, as set forth under date of July 21, 1906.

The court takes this action not only for the reasons above stated, but also for the reason that equity, having once taken jurisdiction of a subject-matter, will proceed to a final determination of the issues; it also appearing that this compromise agreement might be defeated if relegated to a court of law.

To the general exception that equity will not retain jurisdiction in an action where the legal remedy is adequate, this case presents another exception: That equity will retain jurisdiction after the denial or relief sought when its jurisdiction has been assumed, and grant relief, though not equitable in its nature.

There is evidence before the court to the effect that, though the plaintiff elected to rescind the compromise agreement, the defendants failed to make the stated payments and demanded further time, and that any judgment which the plaintiff might secure against the defendant Sutherland, in an action at law, might not afford relief. The defendants specifically plead this compromise and elect to stand on its terms with respect to the subject-matter of this suit, and therefore cannot complain of the jurisdiction now assumed by this court. It seems likewise equitable that plaintiff be estopped further litigating the question of his partnership with defendant Sutherland, and be granted at the same time any remedy or relief he may be entitled to against Sutherland and the Alaska Perseverance Mining Company, and that the entire matter may be settled once for all. To that end the court will attempt to make a calculation under the evidence and the terms of the contract as to the amount intended to cover the rights and litigation between the parties to this action, and in this way eliminate

the possibility of the plaintiff's failing to secure a just amount under the said compromise agreement.

The court is of opinion that the evidence shows conclusively that the Alaska Perserverance Mining Company is simply a holding company for Sutherland, and was bound by the compromise agreement entered into by Sutherland, through his attorney; Sutherland at the time being president of the said corporation and controlling all of its capital stock, with the exception of four shares issued to dummy directors. And that whatever amount due the plaintiff, under the compromise agreement, is due and owing quite as much from the said company as from the said Sutherland. The corporation, having its assets within the jurisdiction of this court, can be proceeded against without delay, under the execution of this court.

It is patent to the court from all the evidence produced in this case that the defendant W. J. Sutherland is, to all intents and purposes, the Alaska Perseverance Mining Company; that said corporation was organized by him solely to assist in handling legal title and disposing of its equivalent, the shares of the corporation; that, when he entered into the compromise agreement, he was acting not only for himself, but primarily for the Alaska Perseverance Mining Company; and that his act at that time bound the corporation, as well as himself.

Without in any way passing upon the adequacy or inadequacy of the consideration mentioned in the agreement of compromise, it is sufficient to say that the parties were represented at the time of the making thereof by their attorneys, and the parties thereafter ratified the same, and, in the absence of any fraud appearing, they are now absolutely bound by it.

While the court might very properly refer the matter to a master or referee to take testimony as to the exact amount of the entire $75,000 which was to pass to the plaintiff under the terms of that compromise, I am of the opinion that it would unnecessarily delay and entail extra cost to the parties, and in the end result in being submitted with little information not now before this court, to aid it in making its decree.

I am of opinion that the plaintiff, Pearce, by that compromise agreement compromised and passed all his right, title, and interest, if any he had, in and to all of the property then held in the name of the Alaska Perseverance Mining Company to the said corporation, as he likewise compromised any and all litigation between himself and the said W. J. Sutherland, with respect to either the property conveyed to the Alaska Perseverance Mining Company by Gilbert, or thereafter acquired by said corporation, and completely estopped himself from ever thereafter claiming such partnership. That for and in behalf of such agreement on the part of the plaintiff, Pearce, the defendant Sutherland, in behalf of himself and the Alaska Perseverance Mining Company, agreed to pay to him, in addition to the sum of $5,000 already paid herein, the further sum of $25,000.

The attorney Israel had what appeared to be an irrevocable power of attorney from Pearce, for the sole purpose of receiving the money under the compromise and making certain assignments, and it is clear to the court that said power of attorney was demanded by the defendant Sutherland and entered into by both Israel and Pearce as a means of carrying into effect only the terms of the compromise, and that the $5,000 so paid to Israel was, to all intents and purposes, a payment to the plaintiff Pearce, if not to the full amount, at least in a large proportion.

Upon the payment of the above sum of $25,000 for which a decree may be drawn, the plaintiff will be forever estopped from claiming any right, title, or interest, either through partnership or otherwise, to any of the properties or rights now enjoyed by defendant Sutherland, and the defendant corporation, the Alaska Perseverance Mining Company, and owned or claimed by them on July 21, 1906, as against Pearce or his attorney G. C. Israel.

Findings of fact, conclusions of law and decree will be entered accordingly.